UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO.: 3:08- CV -00961-HWM- MCR

APR ENERGY, LLC,

    Plaintiff,

vs.

PAKISTAN POWER RESOURCES, LLC,
WALTERS POWER INTERNATIONAL, LLC,
and ASSOCIATED GROUP, a foreign corporation,

    Defendants.

_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO GARNISHEE
BANCFIRST CORPORATION'S MOTION TO DISMISS AND/OR
TO DISSOLVE PREJUDGMENT WRIT OF GARNISHMENT**

Plaintiff, APR ENERGY, LLC (hereinafter, "APR"), by and through undersigned counsel, files this response to Garnishee BANCFIRST CORPORATION'S (hereinafter, "BancFirst Corporation" or "Garnishee") Motion to Dismiss and/or Dissolve Prejudgment Writ of Garnishment (hereinafter, the "Motion to Dismiss"). Garnishee's Motion to Dismiss lacks merit and should be denied because the arguments raised by the Garnishee fail to recognize the extraterritorial provisions of Florida Statutes Chapter 77, Florida's garnishment statute, which are applicable to this case pursuant to Rule 64 of the Federal Rules of Civil Procedure. In support thereof, APR states as follows:

**I. INTRODUCTION**

This is an action to collect payments owed to APR, a Jacksonville based worldwide provider of electric power generation services, by Defendants under an assignment agreement (hereinafter the "Assignment Agreement"). On October 29, 2008, BancFirst Corporation was

MIADOCS 3157166 7 201 South Biscayne Boulevard, Miami, Florida 33131 • ph 305.358.6300 • fx 305.381.9982 • www.shutts.com

MIAMI    FORT LAUDERDALE    WEST PALM BEACH    ORLANDO    TAMPA    TALLAHASSEE    AMSTERDAM

served with a prejudgment writ of garnishment to garnish any and all bank accounts of the Defendants PAKISTAN POWER RESOURCES, LLC (hereinafter, "Pakistan Power") and WALTERS POWER INTERNATIONAL, LLC (hereinafter "Walters Power") which had been issued pursuant to Order by this Honorable Court on October 28, 2008 (hereinafter the "Prejudgment Writ of Garnishment"). [D.E. 22]. On November 11, 2008, BancFirst Corporation filed its Motion to Dismiss the Prejudgment Writ of Garnishment arguing that: (1) APR failed to allege the requisite jurisdictional allegations and that the Court lacks jurisdiction pursuant to Florida's long-arm statute and under a minimum contacts analysis; and (2) BancFirst Corporation is a holding company that owns BancFirst, an Oklahoma state chartered bank (hereinafter the "Bank"), and the Prejudgment Writ of Garnishment should have been served upon the Bank, not the holding company. [D.E. 12].

These arguments fail as a matter of law and, accordingly, the Motion to Dismiss should be denied. First, the Court has the power to grant the Prejudgment Writ of Garnishment directed to BancFirst Corporation pursuant to the extraterritorial provisions of Florida Statute Chapter 77 (hereinafter, the "Florida Garnishment Statute") relating to prejudgment writs and Federal Rule of Civil Procedure 64, which provides for the application of the provisions of the Florida Garnishment Statute relating to prejudgment writs. Furthermore, the provisions of the Florida Garnishment Statute relating to prejudgment writs do not require jurisdictional allegations to be included in the motion for issuance of the Prejudgment Writ of Garnishment or the Prejudgment Writ of Garnishment itself. Rather, jurisdiction is an issue to be decided by the Court based on the record at a hearing after jurisdictional discovery has taken place.

Finally, the Prejudgment Writ of Garnishment is properly directed to "BancFirst Corporation d/b/a BancFirst" because the Prejudgment Writ of Garnishment is sufficiently broad

2

MIADOCS 3597667 201 South Biscayne Boulevard, Miami, Florida 33131 • ph 305.358.6300 • fx 305.381.9982 • www.shutts.com

MIAMI   FORT LAUDERDALE   WEST PALM BEACH   ORLANDO   TAMPA   TALLAHASSEE   AMSTERDAM

to encompass BancFirst Corporation's interest in the accounts held by its subsidiary. As such, the parent-subsidiary relationship between BancFirst Corporation and BancFirst cannot be used by either entity to avoid proper service of the Prejudgment Writ of Garnishment.

## II.  MEMORANDUM OF LAW

A.  **The Court has the Power to Grant the Prejudgment Writ of Garnishment Directed to BancFirst Corporation Pursuant to Federal and State Statutes.**

BancFirst Corporation's argument that APR cannot establish long-arm jurisdiction or minimum contacts has no merit because it fails to account for the following: (1) Federal Rule of Civil Procedure 64 provides for the issuance of prejudgment writs of garnishment pursuant to the law of the state where the lawsuit is commenced; (2) the parties to this lawsuit had agreed that this lawsuit should be commenced in Florida and that Florida law governs; (3) the provisions of the Florida Garnishment Statute relating to prejudgment writs have extraterritorial effect; and (4) Federal law provides for the exercise of jurisdiction over a non-resident without reference to long-arm statutes or minimum contacts when the applicable laws so provide.

BancFirst Corporation's argument as to jurisdiction fails for several independent reasons. First, Rule 64 of the Federal Rules of Civil Procedure provides that, <u>at the commencement of an action</u>, "<u>every remedy</u> is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment." Fed. R. Civ. P. 64 (emphasis added). Second, in the Assignment Agreement which is the subject of this action the parties agreed that they are <u>subject to the jurisdiction of the courts in Florida and that the laws of the State of Florida would apply</u>, without reference to any conflict of laws rules. See § 11.3 of the Assignment Agreement which is attached hereto as Exhibit "1". The case before the Court was commenced in Florida pursuant to the choice of forum provision agreed to

by and among the parties. Thus, the remedies available under Florida law, where the action was commenced and the lawsuit is pending, are applicable to this lawsuit.

Third, the provisions of the Florida Garnishment Statute relating to prejudgment writs of garnishment have extraterritorial effect. In *Union Underwear Co. v. GI Apparel, Inc.*, Civ. A. No. 08-00124, 2008 WL 3833475 (D. N.J. Aug. 13, 2008), the Plaintiffs applied to the Court for an order recognizing and enforcing a prejudgment writ of attachment issued by the U.S. District Court for the Western District of Kentucky. In that case, the New Jersey District Court domesticated the Kentucky prejudgment writ under principles of both the extraterritorial effect of state statutes and federal court rulings. Pursuant to Rule 64 of the Federal Rules of Civil Procedure, the Court acknowledged that state law governs the availability of attachment remedies. Just as in the case at bar, the parties in *GI Apparel* agreed to a forum selection and choice of law clause that Kentucky or Georgia law would govern any contractual disputes. The Court then discussed the Kentucky prejudgment writ statute and found that the statute provides for extraterritorial application because the statutory language included a requirement that "the defendant have no property in this state subject to execution, or not enough thereof to satisfy the plaintiffs' demand." Id. at *4. The Court then concluded that the Kentucky Court's issuance of a prejudgment writ should have extraterritorial effect in the U.S. District Court for the District of New Jersey. Florida's prejudgment garnishment statute contains similar language to Kentucky's statute. Section 77.031, Florida Statutes, provides that a plaintiff is entitled to the writ if the plaintiff believes the defendant, after execution is issued, will not have "tangible or intangible property in this state . . . on which a levy can be made sufficient to satisfy the plaintiff's claim." Therefore, Florida's prejudgment statute likewise has extraterritorial effect in the State of Oklahoma.

4

MIADOCS 3157166 7  201 South Biscayne Boulevard, Miami, Florida 33131 • ph 305.358.6300 • fx 305.381.9982 • www.shutts.com

MIAMI   FORT LAUDERDALE   WEST PALM BEACH   ORLANDO   TAMPA   TALLAHASSEE   AMSTERDAM

Furthermore, where a statute calls for extraterritorial enforcement, a court may exercise personal jurisdiction over a non-resident without reference to the long-arm statute or minimum contacts. *See, e.g., Black v. Acme Markets, Inc.*, 564 F.2d 681, 683-84 (5th Cir. 1977) (long-arm statute and minimum contacts irrelevant where statute authorizes nationwide service of process); *Shlomchik v. Retirement Plain of Amalgamated Ins. Fund*, 502 F.Supp. 240, 242 (E.D. Penn. 1980) ("[R]eliance on an analysis of Pennsylvania long-arm statute and due process requirements is inapposite" where federal statute authorizes jurisdiction); *SEC v. Bilzerian*, 378 F.3d 1100 (D.C. Cir. 2004).[1] In this case, Federal Rule of Civil Procedure 64 allows the Court to use "every remedy" available under state law, and the provisions of the Florida Garnishment Statute relating to prejudgment writs have extraterritorial effect and therefore necessarily extend the Court's jurisdiction over non-resident garnishees without reference to long-arm jurisdiction or minimum contacts. Fed.R.Civ.P. 64(a); Fla. Stat. § 77.031. Given that prejudgment writs of garnishment may be enforced out of state, there is no requirement that the property must be in the hands of a non-resident garnishee with sufficient contacts to Florida. Indeed, such a requirement would severely limit the reach of Florida's prejudgment garnishment remedy, which, by the statutory language itself, calls for enforcement outside the state of Florida.

---

[1] In *Bilzerian*, a receiver instituted an ancillary action, much like a garnishment proceeding, against a third party defendant to collect funds that the third party defendant owed to the defendant Bilzerian, against whom the SEC obtained a money judgment in the primary action. The third party defendant, a resident of Florida with no contacts to the District of Columbia, objected on the basis of lack of personal jurisdiction. Relying on Section 1692 of Title 28, which extends the jurisdiction of district courts to any district in which receivership property may be found, the Court found that a minimum contacts analysis "does not apply" and the Court had personal jurisdiction pursuant to federal statute. *Bilzerian*, 378 F.3d at 1104. Thus, where a federal statute authorizes the court to extend its jurisdiction, a minimum contacts analysis is unnecessary. Similarly, where a federal statute provides for the application of a state statute with extraterritorial effect, a minimum contacts analysis is also unnecessary.

5

MIADOCS 3571166 7  201 South Biscayne Boulevard, Miami, Florida 33131 • ph 305.358.6300 • fx 305.381.9982 • www.shutts.com

MIAMI     FORT LAUDERDALE     WEST PALM BEACH     ORLANDO     TAMPA     TALLAHASSEE     AMSTERDAM

Therefore, the argument for dismissal of the Prejudgment Writ of Garnishment based on lack of jurisdiction over the Garnishee is without merit and should be rejected by the Court.

Moreover, the provisions of the Florida Garnishment Statute relating to prejudgment writs are often used to freeze funds fraudulently transferred or otherwise misappropriated to a third party garnishee and cannot be limited solely to those third-party garnishees with sufficient minimum contacts to Florida. *See, e.g., Barbouti v. Lysandrou*, 559 So. 2d 648 (Fla. 3d DCA 1990); *Marshall-Shaw v. Ford*, 755 So. 2d 162 (Fla. 4th DCA 2000). This remedy would be entirely ineffective and the intent of the Florida Garnishment Statute would be forever frustrated if a party could avoid its reach by merely transferring funds to a third party with limited contacts with the State of Florida. The provisions of the Florida Garnishment Statute relating to prejudgment writs clearly extend the Court's jurisdiction to reach funds of the Defendants in the hands of a garnishee outside the territorial limits of the state. Finally, there is no legal support for BancFirst Corporation's position that long arm jurisdiction must be established in prejudgment garnishment proceedings. BancFirst Corporation fails to cite a single case involving a long-arm jurisdiction analysis or minimum contacts inquiry in the context of a *prejudgment* garnishment proceeding – nor can it. The cases cited by Bancfirst Corporation are inapposite, do not address prejudgment garnishment proceedings, and should be disregarded. The very purpose for the provisions of the Florida Garnishment Statute relating to prejudgment writs is to allow a creditor to reach assets that cross state borders. Therefore, creditors should not be limited in garnishment proceedings solely to a debtor's accounts maintained by garnishees doing business in Florida.

**B.     The Florida Garnishment Statute Does Not Require Jurisdictional Allegations.**

Contrary to BancFirst Corporation's assertions, the Florida Garnishment Statute specifically sets forth the allegations that must be included in the motion and in the Prejudgment

6

Writ of Garnishment. There is no requirement that allegations regarding jurisdiction over the garnishee be made for a court to issue a prejudgment writ of garnishment. *See* Fla. Stat. §§ 77.031; 77.04 (2008). To the contrary, the Florida Statues § 77.031 (2008), provides for the issuance of a writ before judgment as follows:

> (1) A writ of garnishment shall be issued by the court or by the clerk on order of the court.
>
> (2) To obtain issuance of the writ, the plaintiff, or the plaintiff's agent or attorney, shall file in the court where the action is pending a verified motion or affidavit alleging by specific facts the nature of the cause of action; the amount of the debt and that the debt for which the plaintiff sues is just, due, and unpaid; that the garnishment is not sued out to injure either the defendant or the garnishee; and that the plaintiff believes that the defendant will not have in his or her possession, after execution is issued, tangible or intangible property in this state and in the county in which the action is pending on which a levy can be made sufficient to satisfy the plaintiff's claim. The writ of garnishment shall set forth a notice to the defendant of the right to an immediate hearing for dissolution of such writ pursuant to s. 77.07. Upon issuance of the writ of garnishment, the clerk of the court shall provide by mail a copy of the writ to the defendant.
>
> (3) Except when the plaintiff has had an attachment writ issued, no writ of garnishment before judgment shall issue until the plaintiff, or the plaintiff's agent or attorney, gives a bond with surety to be approved by the clerk payable to the defendant in at least double the amount of the debt demanded, conditioned to pay all costs, damages, and attorney's fees that the defendant sustains in consequence of the plaintiff improperly suing out the writ of garnishment. A garnishment bond is not void or voidable because of an informality in it, nor shall the obligors be discharged because of the informality, even though the garnishment is dissolved because of the informality.
>
> (4) The motion or pleading need not negative any exemptions of the defendant.

Section § 77.055, Fla. Stat. (2008), provides the defendant with notice as follows:

> Within 5 days after service of the garnishee's answer on the plaintiff or after the time period for the garnishee's answer has expired . . . the plaintiff shall serve, by mail . . . a notice advising the recipient that he or she must

move to dissolve the writ within 20 days . . . if any allegation in the plaintiff's motion for writ of garnishment is untrue.

APR has complied with all statutory requirements for issuance of prejudgment writs of garnishment under Florida Law:

    (i)    APR has filed "a verified motion . . . alleging by specific facts the nature of the cause of action." Fla. Stat. § 77.031(2); [D. E. 18]

    (ii)    Plaintiff's Verified Emergency Exparte Motion for Prejudgment Writ of Garnishment and Special Appointment of Process Server and Memorandum of Law has been presented to the Florida District Court, to be issued with Judicial supervision as required by Fla. Stat. § 77.031(1); [D. E. 18]

    (iii)    APR has stated in its verified motion that it has reason to believe, and does believe, that the Defendant could possibly close its accounts and remove all funds therein and not have in its possession, after execution is issued, tangible or intangible property, in this state and in the county in which this action is pending, on which a levy can be made sufficient to satisfy APR's claim;

    (iv)    APR has posted a bond for double the amount sought in the Complaint in order to protect the Defendant in the case of a mistaken garnishment in accordance with Fla. Stat. § 77.031(3). [D. E. 20]

    (v)    Upon timely request, Defendants are entitled to an immediate post-garnishment hearing. Fla. Stat. § 77.07(1).

    (vi)    The Plaintiff has already served the Defendants with notices of the Defendants' right to dissolve the Prejudgment Writ of Garnishment

8

required by the provisions of the Florida Garnishment Statute relating to prejudgment writs of garnishment in the time frame required. [D. E. 17]

Accordingly, APR has met all the statutory requirements. Lack of jurisdictional allegations in a motion for a prejudgment writ or in the writ itself is not a ground for dismissal as a matter of law.

Jurisdiction is an issue to be decided by the Court based on the record at a hearing and not based on the record at the time the Court entered the writ. *City Gas Co. of Florida v. Ro-Mont South Green Condominium "R", Inc.*, 350 So. 2d 790, 791 (Fla. 3d DCA 1977); *see also Zuckerman v. Professional Writers of Florida, Inc.*, 398 So. 2d 870 (Fla. 4th DCA 1981) ("Review of an order denying a motion to dissolve a prejudgment writ of replevin should be based not on the record before the court at the time the writ was issued, but on the record at the time the motion to dissolve came on for hearing."). A plaintiff must be allowed to conduct discovery on the issue of jurisdiction before a court may dissolve a writ of garnishment on jurisdictional grounds. *Avila v. Pacindat Mutual Protection & Indemnity Association, Ltd.*, 528 So. 2d 510, 510 (Fla. 3d DCA 1988). In *Avila*, the court reversed an order dissolving a writ of garnishment, reasoning that the order was prematurely entered on the basis of alleged lack of personal jurisdiction before discovery could be completed on the jurisdictional issue. *Id.* at 510-511. The court remanded with instructions to permit the plaintiff a reasonable opportunity to conduct such discovery and to amend the writ of garnishment if necessary. *Id.*; *see also Rowell v. Hodges*, 434 F.2d 926 (5th Cir. 1970) (noting that, in an action under Florida's garnishment statute, the parties utilized basic discovery procedures to develop facts after the issues were framed by the garnishee's answer); *Sierra Equity Group, Inc. v. White Oak Equity Partners, LLC*, No. 08-80017, 2008 WL 1771857, *1 (S.D. Fla. Apr. 15, 2008) (stating that "where issues

9

arise as to jurisdiction or venue, discovery is available to ascertain facts bearing on such issues" and "a plaintiff faced with a motion to dismiss for lack of personal jurisdiction is entitled to reasonable discovery, lest the defendant defeat the jurisdiction of a federal court by withholding information on its contacts with the forum") (citations omitted); *Steinberg v. Alpha Fifth Group*, No. 04-60899, 2008 WL 906270, *10 (S.D. Fla. March 31, 2008) citing *Majd-Pour v. Georgiana Community Hosp., Inc.*, 724 F.2d 901, 903 (11th Cir. 1997) ("although the plaintiff bears the burden of proving the court's jurisdiction, the plaintiff should be given the opportunity to discover facts that would support his allegations of jurisdiction"). Therefore, the Prejudgment Writ of Garnishment should <u>not</u> be dissolved based on lack of jurisdictional allegations prior to jurisdictional discovery and a hearing on this specific issue.

C.  **Garnishee's Argument Related to Jurisdictional Allegations Lacks Legal Support and Should be Rejected by the Court.**

As noted above, in support of its jurisdictional argument, the Garnishee cites numerous cases that are not controlling and that address issues not before this Court.[2] The only two cases relied upon by BancFirst Corporation that do refer to writs of garnishment actually support Plaintiff's position that a writ of garnishment should not be dissolved on the basis of purportedly deficient jurisdictional allegations alone. *See Cosmopolitan Health Spa, Inc. v. Health*

---

[2] Bancfirst Corporation cited seven (7) cases in support of the proposition that a plaintiff must plead jurisdictional allegations against a garnishee. Only two of the cases cited were in the context of a garnishment proceeding albeit dealing solely with postjudgment garnishment matters. The remaining five (5) cases cited by the Garnishee are inapplicable to garnishment proceedings. As such, these cases should be disregarded as they are inapplicable here: (1) *Jet Charter Serv., Inc. v. Koeck*, 907 F.2d 1110 (11th Cir. 1990); (2) *Venetian Salami Co. v. Parthenais*, 554 So.2d 499 (Fla. 1989); (3) *USA Flea Mkt v. EVMC Real Estate Consultants, Inc.*, No. 8:06-cv-431-T-24-TBM, 20008 WL 3540466 (M.D. Fla. Aug. 12, 2008); (4) *Santilly v. Cardone*, No. 8:07-CV-308-T-23MSS, 2008 WL 4534138 (M.D. Fla. Oct. 7, 2008); and (5) *Dube v. Schwager*, No. 6:08-cv-1042-Orl-28DAB, 2008 WL 2944918 (M.D. Fla. Jul. 29, 2008). Only the two cases relating to garnishment proceedings are addressed herein: (1) *Cosmopolitan Health Spa, Inc. v. Health Industries, Inc.*, 362 So. 2d 367 (Fla. 4th DCA 1978); and (2) *Sunrise Assisted Living, Inc. v. Ward*, 719 So. 2d 1218 (Fla. 2d DCA 1998).

10

MIADOCS 3579667 201 South Biscayne Boulevard, Miami, Florida 33131 • ph 305.358.6300 • fx 305.381.9982 • **www.shutts.com**

MIAMI   FORT LAUDERDALE   WEST PALM BEACH   ORLANDO   TAMPA   TALLAHASSEE   AMSTERDAM

*Industries, Inc.*, 362 So. 2d 367 (Fla. 4th DCA 1978) (finding that when a garnishee challenges personal jurisdiction, the plaintiff must be afforded an opportunity to provide affidavits or other proof to establish jurisdiction); and *Sunrise Assisted Living, Inc. v. Ward*, 719 So. 2d 1218 (Fla. 2d DCA 1998) (the trial court conducted an evidentiary hearing and took testimony before ruling on the motion to dissolve). Thus, the Garnishee's motion fails to support dismissal because deficient allegations alone are not a basis for dissolution of a writ of garnishment.

Furthermore, on the specific issue of jurisdiction, there is a fundamental distinction between pre and post-judgment garnishments under the Florida Garnishment Statute. As previously cited and noted, the Florida Garnishment Statute contemplates the proposition that a plaintiff may obtain a prejudgment garnishment against property located outside the territorial and jurisdictional boundaries of the Florida courts without reference to customary long-arm and minimum contacts analyses and provides for the extraterritorial application of the Florida Garnishment Statutes. *See Union Underwear Co., v. GI Apparel, Inc.*, Civ. No. 08-00124, 2008 WL 3833475 (D. N.J. Aug. 13, 2008) (finding that Kentucky's prejudgment attachment statute, which is similar to Florida Garnishment Statute related to prejudgment garnishment, called for extraterritorial enforcement). On the other hand, the Florida Garnishment Statute does not provide for the extraterritorial effect of a post-judgment writ. To collect upon a judgment, through a post judgment writ of garnishment or otherwise, a judgment must be domesticated or registered and the collection efforts may not commence unless and until the judgment which a party is seeking to collect upon is provided full faith and credit by the Court in the jurisdiction where the assets of the judgment debtor are located. Florida Statutes § 55.505 (2008). Oklahoma law is similar to Florida law in that regard. *See* Oklahoma Statutes § 721 (2008). Federal law also provides for the registration of judgments for enforcement in other districts. 28

11

MIAMIDOCS 1379166 7 201 South Biscayne Boulevard, Miami, Florida 33131 • ph 305.358.6300 • fx 305.381.9982 • www.shutts.com

MIAMI    FORT LAUDERDALE    WEST PALM BEACH    ORLANDO    TAMPA    TALLAHASSEE    AMSTERDAM

U.S.C.A. §1963 (2008). This is not the case here since we are not dealing with post-judgment collection mechanisms.

Both cases relied upon by BancFirst Corporation involved post-judgment garnishments which are distinguishable. Furthermore, even the court in *Cosmopolitan Health Spa*, relied upon by the Garnishee, identified the existence of alternative methods of obtaining jurisdiction in garnishment proceedings and specifically limited its holding in this respect. The court emphasized that it would "not determine now whether Cosmopolitan may be amenable to the jurisdiction of the courts of Florida under alternative theories of jurisdiction," and that it did not "address the issue of whether appellee's allegations would support the exercise of an alternative theory of jurisdiction." *Cosmopolitan Health Spa*, 362 So. 2d at 369. Therefore, the only two cases relied upon by the Garnishee that referred to writs of garnishment, were limited to post-judgment garnishment proceedings and are inapplicable to this case.

D. **Service of the Prejudgment Writ of Garnishment Upon BancFirst Corporation Was Effective.**

BancFirst Corporation's argument that the Prejudgment Writ of Garnishment was improperly served upon the parent corporation also misses the mark. BancFirst Corporation argues that the Prejudgment Writ of Garnishment should be dismissed because BancFirst Corporation is the parent corporation of the "Bank". To the contrary, it is well-settled law that courts will disregard formal corporate structures between parent and subsidiary and find that service is effective upon one entity as well as the other where it is more than reasonably certain that the parent will forward the process served to the subsidiary, or vice versa. *See Lamb v. Volkswagenwerk Aktiengesellschaft*, 104 F.R.D. 95 (S.D. Fla. 1985). This reasoning is based on the principle that service of process on a corporation is accomplished where service is made upon a representative so integrated with the organization that he will know what to do with the

12

MIADOCS 3157966 7 201 South Biscayne Boulevard, Miami, Florida 33131 • ph 305.358.6300 • fx 305.381.9982 • www.shutts.com

MIAMI    FORT LAUDERDALE    WEST PALM BEACH    ORLANDO    TAMPA    TALLAHASSEE    AMSTERDAM

papers. *Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.*, 840 F.2d 685, 688 (9th Cir. 1988); *McCarthy v. Langston*, 23 F.R.D. 249, 250 (N.D. Fla. 1959). In this case, BancFirst Corporation and the Bank maintain the same physical address and the mere fact that BancFirst Corporation has represented that the Bank has effectively frozen the accounts maintained by Pakistan Power and Walters Power lends credence to the fact that BancFirst Corporation and the Bank are so integrated with one another than BancFirst Corporation knew exactly what to do with the papers. Therefore, the service of the Prejudgment Writ of Garnishment upon BancFirst Corporation was and is effective on the Bank.

Furthermore, as opposed to the technical argument made by BancFirst Corporation that the Prejudgment Writ of Garnishment should have been served on the Bank, the Prejudgment Writ of Garnishment is sufficiently broad to encompass the parent company's interest in the accounts held by its subsidiary. Specifically, the Prejudgment Writ of Garnishment, by its terms, provides for service upon either the parent or the subsidiary as follows: ". . . any and all accounts utilized and/or maintained by Garnishee <u>at any bank or other financial institution</u> for the benefit of [Defendants] . . . [that] the Garnishee is in possession <u>or control of</u> . . .." BancFirst Corporation, as a parent of the Bank, directed the Bank (another "bank or financial institution") to freeze the Defendants' accounts and the accounts were effectively frozen. As such, BancFirst Corporation obviously and clearly controls the Defendants' accounts held by the Bank, its subsidiary, and service upon BancFirst Corporation was therefore effective and proper.

### III.  CONCLUSION

For the foregoing reasons, BancFirst's arguments seeking to dismiss the Prejudgment Writ of Garnishment fail as a matter of law and the motion to dismiss should be denied. Alternatively, if the Court is not inclined to deny Garnishee's Motion to Dismiss, the Plaintiff

respectfully requests that this Honorable Court defer ruling to allow the parties sufficient time to engage in jurisdictional discovery with the Garnishee prior to a final hearing on the issue of jurisdiction.

Dated this ___ day of November, 2008.

          Respectfully submitted,

CO-COUNSEL FOR PLAINTIFF
Charles P. Pillans, III, Fla. Bar No. 100066
BEDELL, DITTMAR, DEVAULT,
PILLANS & COXE, P.A.
101 East Adams Street
Jacksonville, Florida 32202
Telephone: 904-353-0211
Fax: 904-353-9307

and

COUNSEL FOR PLAINTIFF
Harold E. Patricoff, Fla. Bar No. 508357
Aliette D. Rodz, Fla. Bar No. 0173592
SHUTTS & BOWEN LLP
1500 Miami Center
201 South Biscayne Boulevard
Miami, Florida 33131
Telephone: 305-358-6300
Fax: 305-381-9982


By: /s/Aliette D. Rodz
    Aliette D. Rodz
    Arodz@shutts.com

14

MIADOCS 3157066 7 201 South Biscayne Boulevard, Miami, Florida 33131 • ph 305.358.6300 • fx 305.381.9982 • www.shutts.com

MIAMI   FORT LAUDERDALE   WEST PALM BEACH   ORLANDO   TAMPA   TALLAHASSEE   AMSTERDAM