# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

APR ENERGY, LLC,

        Plaintiff,

vs.                                 Case No. 3:08-cv-961-J-12MCR

PAKISTAN POWER RESOURCES, LLC,
WALTERS POWER INTERNATIONAL LLC,
and ASSOCIATED GROUP, a foreign
corporation,

        Defendants.

_____/

## DEFENDANT, PAKISTAN POWER RESOURCES, LLC'S, UNOPPOSED MOTION FOR LEAVE TO EXCEED PAGE LIMITATION AND MEMORANDUM OF LAW IN SUPPORT

Pursuant to Local Rule 3.01(d) of the Rules of the District Court of the United States for the Middle District of Florida, Defendant, Pakistan Power Resources, LLC, ("Pakistan Power"), moves the Court for leave to exceed the 25-page limitation governing its forthcoming Motion to Dissolve Plaintiff, APR Energy LLC's ("APR") *Ex Parte* Prejudgment Writs of Garnishment. Defendant requests an additional 10 pages in which to proffer its arguments. Good cause exists for granting the requested relief because Defendant will be moving to dissolve both the initial *ex parte* prejudgment writs of garnishment issued by the Court on October 28, 2008 (Doc. 19), as well as the *ex parte* amended prejudgment writ of garnishment, issued by the Court on November 14, 2008 (but still under seal pursuant to the Court's order). Additional good cause exists in that Defendant will be addressing, in its Motion, Plaintiff's various *ex parte* filings in the District Court for the Western District of Oklahoma, as well as the Honorable Stephen P. Friot's *sua sponte* order finding it improper that Plaintiff continues to attempt to proceed in an *ex*

*parte* manner and setting a hearing on Plaintiff's various *ex parte* filings for December 19, 2008.

Counsel for Plaintiff, APR, has authorized the undersigned to represent that Plaintiff does not oppose the relief requested herein.  In further support thereof, Defendant states:

## MEMORANDUM OF LAW

Plaintiff filed its Complaint (Doc. 1) on October 6, 2008.  Plaintiff did not serve the Defendants with process, or a courtesy copy of the Complaint, and on October 28, 2008, Plaintiff filed with the Court its Ex Parte Verified Emergency Motion for Issuance of Prejudgment Writs of Garnishment and Special Appointment of Process Server.  (Doc. 18).  The Court granted the writs pursuant to an October 28, 2008 Order.  (Doc. 19.)

On November 11, 2008, the BancFirst Corporation, one of the putative garnishees, answered the writ issued to it because, among other things, Plaintiff had named the wrong entity in its motion and writ.  (Doc. 12.)  As required by Florida statute, on November 14, 2008, Plaintiff served Defendants with BancFirst Corporation's answer to the Writs.

On that same day, November 14, 2008, after giving Defendants notice, Plaintiff came before the Court with its "Emergency Ex-Parte Motion for Entry of Order Finding Entitlement to Amended Prejudgment Writ of Garnishment" (which is still under seal pursuant to this Court's Order).  The Court granted Plaintiff's motion for the issuance of the Amended Prejudgment Writ of Garnishment directed at BancFirst, an Oklahoma state chartered bank (which is also still under seal pursuant to this Court's order).

After Plaintiff obtained its amended writ, Plaintiff filed a "Motion for Issuance of Prejudgment Garnishment and Brief in Support" in the District Court for the Western District of Oklahoma.  Plaintiff also moved the Western District of Oklahoma to seal the motion and its supporting papers. The Honorable Stephen P. Friot, in a well-reasoned order, denied Plaintiff's motions, finding, among other things, that Plaintiff's grounds for sealing the motion were moot

- 2 -

because Defendants already had been served with the original garnishment papers and because Plaintiff had failed to cite any ". . . procedural basis for proceeding in this court. . ." and ". . . [P]laintiff has not addressed choice of law questions raised by the papers lodged with this court." A copy of Judge Friot's November 18, 2008 order is attached hereto as Exhibit 1.

Despite Judge Friot's order, Plaintiff filed another motion with the Western District of Oklahoma on November 21, 2008, this time entitled "Plaintiff's Emergency Ex-Parte Motion for (1) Domestication of the United States District Court for the Middle District of Florida's Order Dated November 17, 2008 Finding Plaintiff's Entitlement To An Amended Prejudgment Writ of Garnishment; And (2) Issuance Of Prejudgment Writ Of Garnishment In Compliance Therewith." Plaintiff's November 21, 2008 motion was assigned to Judge Friot.

On November 26, 2008, Judge Friot, *sua sponte*, issued an order determining that it would be inappropriate to dispose of Plaintiff's motion in an *ex parte* manner and set a hearing for December 19, 2008, to hear from the parties as to the propriety and enforceability of the writ issued on BancFirst. A copy of Judge Friot's November 26, 2008 order is attached hereto as Exhibit 2.

Defendant, Pakistan Power, intends on addressing these and other grounds for dissolution of the writs in its forthcoming motion, including but not limited to, the lack of legal and factual basis for such an extraordinary writ. Due to the breadth of the issues, Defendant requests that the Court, pursuant to Local Rule 3.01(d), grant it leave to exceed the page limitations by filing a 35-page motion and memorandum of law in support.

Respectfully submitted this 1st day of December, 2008.

                    **HOLLAND & KNIGHT LLP**
                    *Co-Counsel for Defendant*

            By: /s/ George E. Schulz Jr.
                    George E. Schulz Jr.
                    Florida Bar No. 169507
                    buddy.schulz@hklaw.com
                    50 North Laura Street, Suite 3900
                    Jacksonville, Florida 32202
                    Telephone: 904-353-2000
                    Facsimile: 904-358-1872

                    and

                    **HUNTON & WILLIAMS LLP**
                    *Co-Counsel for Defendant*
                    Marty Steinberg
                    Florida Bar No. 187293
                    msteinberg@hunton.com
                    Rafael R. Ribeiro
                    Florida Bar No. 896241
                    rribeiro@hunton.com
                    Mellon Financial Center
                    1111 Brickell Avenue, Suite 2500
                    Miami, FL 33131
                    Telephone: 305.810.2500
                    Facsimile: 305.810.2460

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01

    **I HEREBY CERTIFY** that before filing the instant motion, the undersigned conferred with opposing counsel in a good faith effort to resolve the issues raised herein and opposing counsel authorized the undersigned to represent that Plaintiff does not oppose this motion.

                                  /s/ George E. Schulz Jr.
                                  Counsel for Defendant

- 4 -

## CERTIFICATE OF SERVICE

I hereby certify that on December 1, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified in the attached Service List via facsimile and via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ George E. Schulz Jr.
Counsel for Defendant

74806.000002 EMF_US 26531992v3

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

APR ENERGY, LLC,               )
                                      )
        Plaintiff           )
                                        )
-vs-                           )   Case No.  CIV-08-1200-F
                                        )
PAKISTAN POWER RESOURCES, LLC,  )
WALTERS POWER INTERNATIONAL,   )
LLC and ASSOCIATED GROUP, a     )
foreign corporation,             )
                                        )
        Defendants,       )
                                        )
and                             )
                                        )
BANCFIRST CORPORATION d/b/a    )
BANCFIRST,               )
                                        )
        Garnishee.       )

## <u>ORDER</u>

     Two motions are before the court.  The first is the plaintiff's Ex Parte Motion to Seal.  The second is plaintiff's Motion for Issuance of Writ of Prejudgment Garnishment.  Since none of these papers have been served on the defendants or the proposed garnishee, the court has before it only plaintiff's moving papers and the supporting documents.

     There is no complaint pending in this court in this case.  Rather, this matter is related to a case pending in The United States District Court for the Middle District of Florida.  The court notes that, in the proceedings in the Middle District of Florida, plaintiff filed an ex parte motion for issuance of a prejudgment writ of garnishment

**EXHIBIT 1**

on October 28, 2008. Plaintiff asserts, in substance, that it is concerned about the validity of that process, as issued from a Florida court and directed to an Oklahoma entity, for which reason plaintiff has proceeded in this court with the two motions referred to above.

As to the sealing of the papers which plaintiff has lodged with this court, the court notes that plaintiff "incorporates . . . the arguments and authorities set forth in" its Florida motion in support of sealing the documents plaintiff has lodged with this court. Motion to Seal, at 3. However, the Florida motion is based on the facts as they existed in Florida when that motion was filed in Florida. Specifically, plaintiff's concern, in its Florida papers, was that failure to seal the papers filed in the Florida court would result in attempts by the defendants to place their assets beyond the reach of the court. However, the Florida garnishment has now been served, with the result that, in the vernacular, the cat is out of the bag. Consequently, the reason proffered for sealing (*see* paragraph 4, on page 2 of exhibit 3 to the Motion for Issuance of Writ of Prejudgment Garnishment) does not appear to exist any longer.

Turning to the Motion for Issuance of Writ of Prejudgment Garnishment, the court notes that plaintiff relies almost entirely on the papers plaintiff filed in the proceedings in the Middle District of Florida. However, the papers now before the court were lodged in this court, not in the Middle District of Florida, which raises some issues which are not addressed at all by plaintiff's papers.

First, plaintiff has cited no procedural basis for proceeding in this court on the basis of the motion papers which have been lodged with this court. Such a basis may exist, but none has been cited.

Secondly, plaintiff has not addressed, at least to the satisfaction of this court, choice of law questions raised by the papers lodged with this court. In footnote 1 to the Motion for Issuance of Writ of Prejudgment Garnishment, plaintiff states that "as

2

a matter of written contract, the parties agreed that Florida law governs." The citation is to pages 2 and 3 of exhibit 1. Exhibit 1 is the complaint filed in the Middle District of Florida. Pages 2 and 3 of that complaint are replete with allegations about jurisdiction and venue, but are bereft of any allegations about governing law, much less allegations as to the existence of an agreement that Florida law governs. The court also notes that the rental agreement attached to the Florida complaint provides, in paragraph 28, that the law of Pakistan is the controlling law. The assignment agreement, attached as exhibit 2 to the Florida complaint, provides, in paragraph 11.3, that Florida law governs. Assuming that Florida law does govern, at least in a general sense, the papers plaintiff has lodged with the court are entirely silent about the interplay between any applicable contractual choice of law provisions and the relevant language of Rule 64(a), Fed. R. Civ. P., stating that provisional remedies are governed by "the law of the state where the court is located." On this point, the court need go no further than to note that, as to the truly extraordinary remedy of prejudgment garnishment, there are significant differences between Oklahoma law and Florida law, at least as Florida law is described in the papers lodged with this court. *See, e.g.,* 12 O.S. 2004 Supp. § 1174 (relating to notice of the issuance of a garnishee summons).[1]

In sum, the papers lodged with this court fall considerably short of satisfying this court that, on the basis of the facts as they now exist, they should be filed under seal or that, in any event, the extraordinary remedy of ex parte prejudgment garnishment is appropriate.

---

[1] The court also cannot but note that, assuming that Florida law controls, the order entered by the Magistrate Judge in Florida provides no analysis or informative guidance as to whether Florida prerequisites to the extraordinary remedy of *ex parte* prejudgment garnishment have been satisfied. *See,* Exhibit 4 to the instant motion, at p. 3.

Plaintiff's Motion to Seal is **DENIED**.  Plaintiff's Motion for Issuance of Writ of Prejudgment Garnishment is **DENIED**.

DATED November 18, 2008.


STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

08-1200p004.wpd

4

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

APR ENERGY, LLC,                            )
                                            )
              Plaintiff,               )
                                            )
-vs-                                        )   Case No.  CIV-08-1254-F
                                            )
PAKISTAN POWER RESOURCES, LLC,              )
WALTERS POWER INTERNATIONAL,                )
LLC and ASSOCIATED GROUP, a                 )
foreign corporation,                        )
                                            )
              Defendants,              )
                                            )
and                                         )
                                            )
BANCFIRST CORPORATION d/b/a                 )
BANCFIRST,                                  )
                                            )
              Garnishee.               )

## ORDER

Before the court is plaintiff's ex-parte motion [etc.], filed on November 21, 2008 (doc. no. 1).

The court has concluded that it would not be appropriate to proceed, with respect to this motion, on an ex-parte basis. The motion is set for hearing on December 19, 2008 at 9:00 a.m. Plaintiff is directed to effect service of the motion, and all supporting papers, on the defendants and on the posed garnishee, not later than December 8, 2008, and to file returns showing valid service as required not later than

**EXHIBIT 2**

December 12, 2008.  If service is not effected or if proof of service is not filed as required by this order, the December 9 hearing will likely be stricken.

DATED November 26, 2008.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

08-1254p001.wpd