**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

APR ENERGY, LLC,

    Plaintiff,

      v.                                  Case No. 3:08-cv-961-J-12MCR

PAKISTAN POWER RESOURCES, LLC,
WALTERS POWER INTERNATIONAL, LLC,
and ASSOCIATED GROUP,
a foreign corporation,

    Defendants.
_____/

**UNOPPOSED MOTION OF NON-PARTY GARNISHEE BANCFIRST
CORPORATION FOR LEAVE TO FILE A BRIEF REPLY TO PLAINTIFF'S
RESPONSE IN OPPOSITION TO MOTION TO DISMISS AND/OR
<u>TO DISSOLVE PREJUDGMENT WRIT OF GARNISHMENT</u>**

Non-Party Garnishee BancFirst Corporation ("BancFirst"), pursuant to Local Rule 3.01 of this Court, hereby files this Unopposed Motion for leave to file a brief reply to Plaintiffs' Amended Response in Opposition (the "Response") to BancFirst's Motion to Dismiss and/or to Dissolve Prejudgment Writ of Garnishment (the "Motion to Dissolve"), and in support state as follows:

1.    In this action, Plaintiff has sued the Defendants seeking to collect payments allegedly owed to Plaintiff pursuant to an assignable agreement. [*See* D.E. 27]. Plaintiff has obtained a Prejudgment Writ of Garnishment (the "Writ of Garnishment") against BancFirst based on allegations set forth in Plaintiff's Ex Parte Verified Emergency Motion for Issuance of Prejudgment Writ of Garnishment and Special Appointment of Process Server. [*See* D.E. 18-19].

2. After being served with the Writ of Garnishment [*See* D.E. 9], BancFirst filed its Limited Appearance, Objection to Jurisdiction and Answer and Defenses to Prejudgment Writ of Garnishment along with the Motion to Dissolve on November 11, 2008. [*See* D.E. 12-13]. BancFirst's argument in its Answer and Motion to Dissolve is that the Writ of Garnishment must be dismissed and/or dissolved because this Court lacks jurisdiction over non-resident BancFirst pursuant to Florida's long-arm statute. The Motion to Dissolve included sworn declarations to support BancFirst's argument that it did not engage in business in Florida nor did it maintain minimum contacts sufficient to vest this Court with jurisdiction to issue the Writ of Garnishment against BancFirst. [*See* D.E. 12, Exs. A, B].

3. On November 26, 2008, Plaintiff filed its Amended Response [D.E. 27]. The fourteen (14) page Amended Response advances two main arguments: first, Plaintiff argues that Federal Rule of Civil Procedure 64 allows for nationwide service for writs of garnishment based upon Florida Statutes § 77.01 *et seq.*; alternatively, Plaintiff argues that it is entitled to jurisdictional discovery before the Court rules on BancFirst's Motion to Dissolve.

4. BancFirst respectfully submits that Plaintiff's argument about the scope of Rule 64 misstates the law and that Florida law allows this Court to resolve the Motion to Dissolve through affidavit evidence without the need for an evidentiary hearing; further in light of the complexity and significance of the legal and jurisdictional issues involved, a brief reply will assist the Court in deciding the issues in the Motion.

5. Plaintiffs do not oppose BancFirst's filing of a reply.

6.      As BancFirst has already filed its Answer to the Writ of Garnishment, filing of a reply will not unduly delay the proceedings.

## MEMORANDUM OF LAW

Although a reply as of right is not permitted in this District, this Court has the broad discretion to grant a party leave to file a reply.  *See* Local Rule 3.01(c).  Here, BancFirst seeks leave of Court to file a brief reply of not more than six (6) pages in order to respond to Plaintiffs' legal assertions regarding the application and interpretation of Federal Rule of Civil Procedure 64*.*  BancFirst respectfully submit that good cause exists for this request and respectfully request that the Court grant the unopposed motion to file a reply of not more than 6 pages on or before Friday, December 5, 2008.

WHEREFORE, for the foregoing reasons and authorities, Non-Party BancFirst Corporation respectfully request that this Court grant this Unopposed Motion for Leave to File a Reply to Plaintiffs' Response in Opposition to Garnishee BancFirst Corporation's Motion to Dismiss and/or to Dissolve Prejudgment Writ of Garnishment of 6 pages or less on or before Friday, December 5, 2008.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(g)

Pursuant to Local Rule 3.01(g), the undersigned counsel certifies that he has conferred with counsel for Plaintiff who have represented that they do not oppose the relief requested in the Motion.

Dated: December 1, 2008

        **McGuireWoods LLP**

By: */s/ R. Eric Bilik*
     R. Eric Bilik
     ebilik@mcguirewoods.com
     Florida Bar No. 0987840
     Sara Holladay-Tobias
     sfhollad@mcguirewoods.com
     Florida Bar No. 0026225
     50 N. Laura Street, Suite 3300
     Jacksonville, FL  32202
     (904) 798-3200
     (904) 798-3207 (fax)

     -and-

     Of Counsel:
     DAY, EDWARDS, PROPESTER &
     CHRISTENSEN, P.C.
     Joe E. Edwards (OBA#2640)
     2900 Oklahoma Tower
     210 Park Avenue
     Oklahoma City, OK  73102-5605
     (405) 239-2121
     (405) 228-1101 (fax)

*Attorneys and Trial Counsel for Garnishee,
BancFirst Corporation*

## **CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system which will send notice of the electronic filing on December 1, 2008 to:

    Harold E. Patricoff, Esq.
    hep@shutts-law.com
    Aliette D. Rodz, Esq.
    Arodz@shutts-law.com
    Shutts & Bowen, LLP
    1500 Miami Center
    201 S. Biscayne Boulevard
    Miami, FL  33131
    (305) 358-6300
    (305) 381-9982 (fax)

    -and-

    Charles P. Pillans, III, Esq.
    cpp@bedellfirm.com
    Bedell, Dittmar, DeVault, Pillans & Coxe, PA
    The Bedell Bldg
    101 E Adams St
    Jacksonville , FL  32202
    (904) 353-0211
    (904) 353-9307 (fax)
    *Attorneys for Plaintiff*



                      */s/ R. Eric Bilik*
                            Attorney

\6743938.1