UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

APR ENERGY, LLC,

    Plaintiff,

vs.                                                   Case No. 3:08-cv-961-J-25MCR

PAKISTAN POWER RESOURCES, LLC, et al.,

    Defendants.
_____/

## **O R D E R**

**THIS CAUSE** is before the Court on Plaintiff's Amended Motion to Strike Garnishee's Third Defense or in the Alternative, Motion for a More Definite Statement (Doc. 42) filed December 12, 2008. Garnishee, BancFirst Corporation, filed its response in opposition to this Motion on December 29, 2008. (Doc. 59). Accordingly, the matter is now ripe for judicial review.

### **I. BACKGROUND**

On October 7, 2008, Plaintiff filed the Complaint in this case to collect payments allegedly owed by Defendants pursuant to an assignment agreement. On October 29, 2008, Garnishee was served with a prejudgment writ of garnishment directing it to garnish any accounts of Defendants. On November 11, 2008, Garnishee filed its Motion to Dismiss the Prejudgment Writ of Garnishment (Doc. 12) and its Limited Appearance, Objection to Jurisdiction, and Answer and Defenses to the Prejudgment Writ of Garnishment (Doc. 13). In the Answer, Garnishee raised three defenses.

-1-

Plaintiff complains that the third defense is insufficient and should be stricken or alternatively, Garnishee should be required to file a more definite statement regarding that defense.

## II.  ANALYSIS

Rule 12(f) of the Federal Rules of Civil Procedure provides that upon a party's motion, "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Pursuant to Rule 12(f), an affirmative defense may be stricken if it is legally insufficient, however, striking a defense is a "'drastic remedy[,]' which is disfavored by the courts."  Thompson v. Kindred Nursing Centers East, LLC, 211 F.Supp.2d 1345, 1348 (M.D. Fla. 2002) (quoting Augustus v. Bd. of Public Instruction of Escambia County, Fla., 306 F.2d 862, 868 (5th Cir. 1962) and Poston v. American President Lines Ltd., 452 F. Supp. 568, 570 (S.D. Fla. 1978)).  "An affirmative defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law."  Microsoft Corp. v. Jesse's Computers & Repair, Inc., 211 F.R.D. 681, 683 (M.D. Fla. 2002) (citing Anchor Hocking Corp. v. Jacksonville Elec. Authority, 419 F.Supp. 992, 1000 (M.D. Fla. 1976)).

In this case, Plaintiff does not argue Garnishee's third defense is frivolous, but rather that it is "insufficient, vague [and] conclusory."  (Doc. 42, p.3).  Garnishee's third defense asserts that its subsidiary may have a prior security interest and right of offset against any and all deposit accounts of Defendant Walters Power.  Plaintiff argues this defense is not sufficiently pled because it "fails to show the basis for its purported

security interest, the amount of the lien, if any, whether there is any other collateral to secure the alleged debt of Waters Power, and the terms of the alleged loan." (Doc. 42, p.4).

Affirmative defenses are invalid as a matter of law if they do not meet the general pleading requirements of [Rule 8(b)] of the Federal Rules of Civil Procedure, which requires defenses to be stated "in short and plain terms." See McGlothan v. Walmart Stores, Inc., 2006 WL 1679592 at *1 (M.D. Fla. 2006). An affirmative defense "may be pleaded in general terms and will be held to be sufficient, and therefore invulnerable to a motion to strike, as long as it gives the plaintiff fair notice of the nature of the defense." 5 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1274 (3d ed. 2004). Although Plaintiff argues to the contrary, Garnishee's third defense gives Plaintiff fair notice of its nature. Plaintiff complains the defense fails to provide specifics such as the amount of the lien and the terms of the loan, however, such is not required. "'[A] court will not exercise its discretion under the rule to strike a pleading unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party.'" Nankivil v. Lockheed Martin Corp., 216 F.R.D. 689, 691 (M.D. Fla. 2003), aff'd, 87 Fed.Appx. 713 (11th Cir. 2003) (quoting Reyher v. Trans World Airlines, Inc., 881 F.Supp. 574 (M.D. Fla. 1995); Florida Software Sys., Inc. v. Columbia/HCA Healthcare Corp., 1999 WL 781812, at *1 (M.D. Fla. 1999)). There is no claim that Garnishee's defense has no relation to the controversy, would confuse the issues or would prejudice Plaintiff. "If a defense may be relevant, then there are other contexts in which the sufficiency of the defense can be

more thoroughly tested with the benefit of a fuller record--such as on a motion for summary judgment.'" Mullis v. Universal Select, Inc., 1997 WL 827408 *2 (M.D. Fla. 1997) (quoting United States v. Martell, 844 F. Supp. 454, 457 (N.D. Ind.1994) (citations omitted)). Accordingly, as Garnishee's third defense arguably has some significance in the instant action, it cannot be said to be immaterial or impertinent to the case and will not be stricken at this time. The Court is making no comment on the probable success on the merits of Garnishee's defense, but rather declines to grant such a drastic remedy at the present time.

The Court will now turn to Plaintiff's alternative request for a more definite statement. Under Rule 12(e), Fed.R.Civ.P., "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."[1] Again, the Court does not believe Garnishee's third defense is so vague or ambiguous that Plaintiff cannot prepare a response at this time. As such, the Court will also deny Plaintiff's request for a more definite statement.

---

[1] As an answer containing affirmative defenses is not pleading to which a pleading is ordinarily allowed, motions for more definite statements as to affirmative defenses are not usually permitted. See Ramos Oil Recyclers, Inc. v. AWIM, Inc., 2007 WL 2345014 at *4 (E.D. Cal. 2007) (denying motion for more definite statement of affirmative defenses because no responsive pleading permitted); Travelers Indem. Co. of Conn. v. Presbyterian Healthcare Res., 313 F.Supp.2d 648, 653 (N.D. Tex. 2004) (Rule 12(e) inapplicable where court does not order responsive pleading to answer and affirmative defenses). However, as the Court allowed Plaintiff to file a reply to Garnishee's answer, such a motion would arguably be permitted in the instant case.

### III.  CONCLUSION

The undersigned finds the Garnishee's third defense in this case is not insufficient as a matter of law, does not confuse the issues, does not unnecessarily prejudice the Plaintiff, is adequately related to the controversy and is not so vague or ambiguous that Plaintiff cannot reasonably prepare a response.  Therefore, after due consideration, it is

**ORDERED**:

Plaintiff's Amended Motion to Strike Garnishee's Third Defense or in the Alternative, Motion for a More Definite Statement (Doc. 42) is **DENIED** without prejudice.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  14th  day of January, 2009.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record