UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

APR ENERGY, LLC,

       Plaintiff,

vs.                                      Case No.  3:08-cv-961-J-25MCR

PAKISTAN POWER RESOURCES, LLC, et al.,

       Defendants.

_____/

# O R D E R

**THIS CAUSE** is before the Court on Garnishee, BancFirst Corporation's Motion to Dissolve Prejudgment Writ of Garnishment (Doc. 12).  As discussed with the parties during the telephonic status conference, the Court will first address Plaintiff's argument regarding the application of Rule 64 of the Federal Rules of Civil Procedure.  During the hearing, Plaintiff asked for permission to file an order from the United States District Court in the Southern District of Florida.  The Court agreed and Plaintiff filed said order on January 29, 2009 (Doc. 81).  Defendants filed additional orders from the same judge in the Southern District of Florida (Doc. 82).  The Court believes the matter is now ripe for judicial review.

## I. BACKGROUND

On October 7, 2008, Plaintiff filed a complaint against the Defendants alleging breach of contract, breach of the covenant of good faith and fair dealing, unjust enrichment and tortious interference with a contract.  Specifically, Plaintiff alleged it

entered into an Assignment Agreement with Defendant, Pakistan Power, whereby it would be paid a total of $7 million.  Plaintiff claimed it had been paid only a portion of the $7 million and therefore, Pakistan Power and the other Defendants, must pay Plaintiff a portion of the remaining balance.

On October 28, 2008, Plaintiff filed an ex parte emergency motion for the issuance of two prejudgment writs of garnishment against BancFirst Corporation ("BancFirst") in Oklahoma City, Oklahoma and Wachovia Bank NA in Miami, Florida. The Court granted the motion and the writs were issued.  On November 11, 2008, Garnishee, BancFirst, filed its answer and defenses to the writ and a motion to dismiss and/or dissolve the writ due to lack of jurisdiction.[1]  Additionally, BancFirst Corporation informed Plaintiff that it was simply a holding company and did not have any bank accounts.  Rather, its subsidiary, BancFirst, was the actual bank holding accounts for Defendants.

On November 17, 2008, Plaintiff filed another emergency ex parte motion seeking an order finding it entitled to an amended prejudgment writ of garnishment.  In response to BancFirst Corporation's answer, Plaintiff sought an amended prejudgment writ of garnishment for BancFirst, the bank, rather than BancFirst Corporation. Additionally, in response to BancFirst's position on jurisdiction, Plaintiff indicated it planned to have the amended writ domesticated by the U.S. District Court for the

---

[1] Garnishee, Wachovia Bank, filed its answer on November 25, 2008, indicating it held no accounts for Defendants.

Western District of Oklahoma.  The undersigned granted the motion and an amended writ was issued.[2]

Plaintiff filed a response to Garnishee's Motion on November 26, 2008 (Doc. 27) arguing that the Court did not need to have jurisdiction over Garnishee as pursuant to Rule 64 of the Federal Rules of Civil Procedure, Florida's statute on prejudgment writs of garnishment applied and that statute had extraterritorial effect.  Additionally, Plaintiff argued the forum selection clause in the Assignment Agreement provided that Florida law would govern and therefore this Court could issue a writ.

Both Defendants also filed motions to dissolve the writ as well as motions to dismiss Plaintiff's complaint.  On January 29, 2009, the undersigned conducted a telephonic status conference with all the parties.  It was agreed that the Court would first address Garnishee's Motion to Dissolve prior to addressing Defendants' motions.  Additionally, the Court informed the parties that it planned to first deal with Plaintiff's argument regarding Rule 64.  If the Court found against Plaintiff on that issue, it would schedule an evidentiary hearing and rule on whether Garnishee could be subjected to the jurisdiction of this Court.

## II.  ANALYSIS

According to Plaintiff, this Court need not have jurisdiction over Garnishee in order to issue a prejudgment writ of garnishment.  Plaintiff argues that pursuant to Rule 64 of the Federal Rules of Civil Procedure, Florida's garnishment statute applies and

---

[2]  The U.S. District Judge in the Western District of Oklahoma ultimately denied Plaintiff's request to have the amended writ domesticated.

Plaintiff believes Florida's garnishment statute has extraterritorial provisions which allow Florida courts to garnish property located outside of Florida.  To support this claim, Plaintiff cites the case of Union Underwear Co., Inc. v. GI Apparel, Inc., 2008 WL 3833475 (D. N.J. 2008).  In that case, a New Jersey court domesticated a writ of garnishment issued by a Kentucky court, finding Rule 64 dictated that Kentucky's garnishment statute applied.  The court reviewed the Kentucky statute and found it had extraterritorial effect.  Id. at *5-6.  Therefore, the New Jersey court found the writ was properly issued without considering whether there was jurisdiction over the garnishee in Kentucky and found the writ was entitled to full faith and credit.  Id. at *6-7.  The New Jersey court domesticated the writ issued by the Kentucky court.  Id at *9.

In the instant case, Plaintiff takes the position that like Kentucky's garnishment statute, Florida's prejudgment writ of garnishment statute has extraterritorial effect and therefore, this Court need not consider whether it has jurisdiction over Garnishee.[3] Garnishee responds by arguing that Florida's garnishment statute does not have extraterritorial effect and Rule 64 cannot broaden the reach of said statute.  Additionally, Garnishee points out numerous reasons why the GI Apparel case is distinguishable from the instant matter.

---

[3]  To the extent Plaintiff may be arguing that Rule 64 on its own allows Florida courts to issue extraterritorial writs, this Court finds no merit in such a claim.  The Rule simply provides that the remedies for seizing property in the forum state will govern in a federal action pending in that state.  Rule 64 does "not broaden the remedies or make them available beyond their territorial limits."  In re Curtina Intern., 15 B.R. 993, 998 (Bankr. S.D.N.Y. 1981).

Rule 64 provides:

> At the commencement of and throughout an action, every
> remedy is available that, under the law of the state where the
> court is located, provides for seizing a person or property to
> secure satisfaction of the potential judgment.  But a federal
> statute governs to the extent it applies.

Fed.R.Civ.P. 64(a).  Plaintiff takes the position that due to Rule 64, Florida's

garnishment statute must be applied in this case.  Garnishee does not seem to contest

this position.  Rather, Garnishee takes issue with Plaintiff's belief that Florida's

garnishment statute provides for out-of-state garnishment.  Accordingly, the Court must

now review Florida's garnishment statute.

Florida's statute dealing with prejudgment writs of garnishment provides:

> To obtain issuance of the writ, the plaintiff, or the plaintiff's
> agent or attorney, shall file in the court where the action is
> pending a verified motion or affidavit alleging by specific
> facts the nature of the cause of action; the amount of the
> debt and that the debt for which the plaintiff sues is just, due,
> and unpaid; that the garnishment is not sued out to injure
> either the defendant or the garnishee; and that the plaintiff
> believes that the defendant will not have in his or her
> possession, after execution is issued, tangible or intangible
> property in this state and in the county in which the action is
> pending on which a levy can be made sufficient to satisfy the
> plaintiff's claim.

Fla. Stat. §77.031(2).  To support its contention that the statute has extraterritorial

effect, Plaintiff relies on the provision regarding the plaintiff's belief that the defendant

will not have sufficient property in the state and county with which to satisfy the plaintiff's

claim.  Plaintiff states that the court in <u>GI Apparel</u> found a similar provision in the

Kentucky statute gave that statute extraterritorial effect.  However, a review of the <u>GI</u>

<u>Apparel</u> case indicates the Kentucky statute contained other provisions indicating an

-5-

intent for extraterritorial application not contained in the Florida statute.  For example,

the Kentucky statute specifically permits attachment against a defendant who "is about

to remove, **or has removed**, his property, or a material part thereof, out of this state,

not leaving enough therein to satisfy the plaintiff's claim of said defendant's creditors . .

." <u>GI Apparel</u>, 2008 WL 3833475 *5 (emphasis added).  Additionally, the Kentucky

statutes provides: "a plaintiff may have an attachment of defendant's property in an

action for money under a contract if the defendant **removed property out of the state**

**or does not have property within the state**." <u>Id.</u> (emphasis added).  Unlike the

Florida statute, the Kentucky statute contemplates the situation where a defendant does

not have any property in the state at the time the writ is issued.  Florida, on the other

hand, only references situations where at the time after execution is issued, the

defendant may not have property in the state.  As such, it appears Florida's statute

contemplates the defendant's property being located in Florida at the time the writ is

issued so that the property can be attached before it is moved out of the state.

Kentucky specifically permits attachment to property already moved out of the state.

For this reason, the Court does not find Plaintiff's reliance on <u>GI Apparel</u> to be

persuasive.[4]

        Moreover, Plaintiff has not cited, nor was this Court able to locate any cases

interpreting Florida's garnishment statute as applying to property located outside

_____

        [4] Likewise, the Court is not persuaded by the order provided by Plaintiff issued by the
District Court in the Southern District of Florida.  (Doc. 81).  In that order, the judge relied on the
<u>GI Apparel</u> case to find that "Florida's garnishment statute []has an extraterritorial effect since it
contemplates the Defendant not having property in this State."  (Doc. 81, Ex. A, p.3).

Florida. "'Garnishment statutes are in derogation of the common law and must be

strictly construed.'" DiFrancesco v. Home Furniture Liquidators, Inc., 2008 WL 4724504

*2 (S.D. Fla. 2008) (quoting Paz v. Hernandez, 654 So.2d 1243, 1244 (Fla. 3rd DCA

1995)).  As such, because the statute is "silent on the issue of extraterritoriality, [] the

court should not infer any such unexpressed intent on behalf of the legislature."  GM

Gold & Diamonds, LP v. Fabrege Co., Inc., 489 F.Supp.2d 725,728-29 (S.D. Tex.

2007).  In the GM Gold & Diamonds case, the court refused to grant a prejudgment writ

of attachment for property located outside of the state because the Texas statute on

attachment did not provide for out-of-state attachment.  The Texas statute provided for

attachment when:

> (4) the defendant has hidden or is about to hide his property
> for the purpose of defrauding his creditors; (5) the defendant
> is about to remove his property from this state without
> leaving an amount sufficient to pay his debts; (6) the
> defendant is about to remove all or part of his property from
> the county in which the suit is brought with the intent to
> defraud his creditors; (7) the defendant has disposed of or is
> about to dispose of all or part of his property with the intent
> to defraud his creditors; (8) the defendant is about to convert
> all or part of his property into money for the purpose of
> placing it beyond the reach of his creditors . . .

Tex.Civ. Prac. & Rem. Code Ann. §61.002 (Vernon 2008).  As this statute contemplates

a case where a defendant is about to move his/her property from Texas, the Court finds

this statute more analogous to the Florida garnishment statute than the Kentucky

statute cited in GI Apparel.

Moreover, Plaintiff's argument that because the parties agreed this lawsuit

should be commenced in Florida and that Florida law should govern, this Court is

permitted to issue a writ without considerations to whether it has jurisdiction over the Garnishee is also without merit.  While Defendants may have agreed to this Court's jurisdiction[5], it does not follow that Garnishee, who was not a party to the Assignment Agreement containing a forum selection clause, would likewise be bound.  As such, this argument is also unavailing.

As this Court finds the Florida prejudgment garnishment statute does not provide for extraterritorial application, the Court must determine whether it has jurisdiction over Garnishee.  See T-M Vacuum Products, Inc. v. TAISC, Inc., 2008 WL 2078190 (S.D. Tex. 2008) (court denied application for a prejudgment writ of garnishment against an out of state company as it did not jurisdiction over the garnishee).  In order to do so, the undersigned will conduct an evidentiary hearing on **Tuesday, February 24, 2009**.  A separate notice of hearing is being issued simultaneously with this Order.

In the process of conducting its research, the Court noted that a garnishment proceeding is not a proceeding in rem, nor is it a proceeding in personam.  Rather, "[i]t partakes both of the nature of a proceeding in personam and a proceeding in rem and may be classified as a proceeding quasi in rem."  Morris W. Haft & Bros. v. Wells, 93 F.2d 991, 993 (10th Cir. 1937).  As such, the Court directs counsel for Plaintiff and Garnishee to file brief legal memoranda (no more than 10 pages) discussing the Court's analysis in determining whether it has jurisdiction to enter a writ of garnishment in this case.  The parties should address the fact that the bank accounts sought to be

---

[5]  The Court recognizes that Defendant, Walters Power, does not consent to this Court's jurisdiction and has raised such concerns in both its Motion to Dissolve the writ and its Motion to Dismiss the Complaint.

garnished are not located in the state of Florida and what, if any, affect such fact has on

the Court's jurisdictional analysis.  These memoranda shall be filed on or before

**Tuesday, February 17, 2009**.


      **DONE AND ORDERED** in Chambers in Jacksonville, Florida this  5th  day of

February, 2009.


*Monte C. Richardson*
_____

      MONTE C. RICHARDSON
      UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record