UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

APR ENERGY, LLC,

    Plaintiff,

vs.                                    Case No.  3:08-cv-961-J-25MCR

PAKISTAN POWER RESOURCES, LLC, et al.,

    Defendants.
_____/

**O R D E R**

**THIS CAUSE** is before the Court on Garnishee, BancFirst Corporation's Motion to Dissolve Prejudgment Writ of Garnishment (Doc. 12). On January 29, 2009, the Court conducted a status conference with the parties to discuss the numerous pending motions, including the instant motion (Doc. 12) and Defendants' motions to dissolve the writ (Docs. 34 and 35). The Court announced its plan to first address Garnishee's Motion to Dissolve (Doc. 12). In doing so, the Court also informed the parties it would initially deal with Plaintiff's argument regarding Rule 64 and whether the Florida garnishment statute had extraterritorial application. The parties agreed that if the Court found against Plaintiff on that issue, it would be necessary for the Court to conduct an evidentiary hearing on whether it could exercise personal jurisdiction over Garnishee. On February 5, 2009, the Court entered an Order finding the Florida garnishment statute did not have extraterritorial effect.[1] (Doc. 86). In that Order, the Court stated:

---

[1] Plaintiff has filed an Objection to that Order (Doc. 90), which is currently pending before Judge Adams.

-1-

> In the process of conducting its research, the Court noted that a garnishment proceeding is not a proceeding in rem, nor is it a proceeding in personam.  Rather, "[i]t partakes both of the nature of a proceeding in personam and a proceeding in rem and may be classified as a proceeding quasi in rem." Morris W. Haft & Bros. v. Wells, 93 F.2d 991, 993 (10th Cir. 1937).  As such, the Court directs counsel for Plaintiff and Garnishee to file brief legal memoranda (no more than 10 pages) discussing the Court's analysis in determining whether it has jurisdiction to enter a writ of garnishment in this case.  The parties should address the fact that the bank accounts sought to be garnished are not located in the state of Florida and what, if any, [e]ffect such fact has on the Court's jurisdictional analysis.

(Doc. 86, pp. 8-9).  The parties filed these memoranda on February 17, 2009 (Docs. 88, 89 and 91).  The Court has reviewed these memoranda and is of the opinion that an evidentiary hearing on the issue of personal jurisdiction over Garnishee is not necessary.

As stated in the February 5, 2009 Order, a garnishment proceeding "is not an action in personam, nor is it, strictly speaking, a proceeding in rem.  Partaking of the nature of both, it is frequently classified as a proceeding quasi-in-rem." U. S. Rubber Co. v. Poage, 297 F.2d 670, 673 (5th Cir. 1962) (citing Morris W. Haft & Bros. v. Wells, 93 F.2d 991 (10th Cir. 1937)).  The U.S. Rubber court further explained the nature of a garnishment action by quoting a West Virginia case:

> "Attachment is in the nature of a proceeding in rem.  There is an actual seizure of property, except where it is in the form of garnishment. * * * (in which case) it retains its character as one in the nature of a proceeding in rem, although there is no actual seizure of property under the order of attachment, for by service of the order upon the garnishee it arrests the debt in his hands, and holds it through him, subject to the judgment of the court.  The claim subjected by garnishment is the estate of the principal debtor in the hands of the garnishee, and the proceeding is against it as a res, a thing,

> and not against the garnishee personally, except to compel him to turn it over to the creditor of the principal defendant in satisfaction of his claim. In every practical sense, it amounts to a seizure of the thing."

U. S. Rubber Co., 297 F.2d at 675, n.5 (quoting Pennsylvania R. Co. v. Rogers, 52 W. Va. 450, 44 S.E. 300, 302, 62 L.R.A. 178 (1903)).  "Garnishment proceedings have a dual nature: while a garnishment action moves against the garnishee in personam, the object of such proceedings is to obtain a judgment against the debtor's property, and the court issuing the process must have jurisdiction over **both** the garnishee and any property which is held by the garnishee."  6 Am. Jur. 2d Attachment and Garnishment §19 (2008) (emphasis added).  Accordingly, not only must the Court have personal jurisdiction over Garnishee, but it must also have jurisdiction over the property to be garnished, in this case, the bank account.  Because the Court does not have jurisdiction over the bank account, it is not necessary for the Court to conduct an evidentiary hearing to determine whether it has jurisdiction over Garnishee.  See Baker v. Bennett, 644 So.2d. 901, 902 (Ala. 1994) (noting "[a] garnishment does not reach property outside the territorial jurisdiction of the issuing court even though the court has personal jurisdiction of the garnishee bailee.").

It is undisputed that the bank account Plaintiff seeks to garnish is located in Oklahoma and Plaintiff makes no serious attempt to argue that the Court need not have jurisdiction over the bank account in order to issue the writ of garnishment.[2]  Instead,

---

[2] Plaintiff does appear to make a very weak argument that the bank account is a debt and therefore, the Court has jurisdiction over it so long as it has jurisdiction over the Garnishee.  This "argument" consists of a one-sentence quote: "[t]o say that 'a debt follows the debtor is simply to say that intangible property has no actual situs, and a debt may be sued on wherever there is
(continued...)

Plaintiff's memorandum is devoted exclusively to arguing that it may obtain a writ of garnishment in Oklahoma through domestication of an order from this Court stating that Plaintiff is entitled to a prejudgment writ of garnishment.  Essentially, Plaintiff asks this Court to enter an order advising the Oklahoma court that Plaintiff has satisfied the requirements of Florida's prejudgment writ of garnishment statute and to direct the Oklahoma court to issue a prejudgment writ of garnishment.  Plaintiff cites no authority for such an action by this Court and the undersigned does not believe such action would be proper.[3]  As this Court does not have jurisdiction to enter the writ, if Plaintiff is determined to obtain such a writ, it must do so in Oklahoma.  The undersigned is certain the Oklahoma Court, the court having jurisdiction to enter a writ, is able to apply Florida law in order to determine whether such a writ is appropriate.

As this Court does not have jurisdiction to issue a writ of garnishment against the bank account in Oklahoma, Garnishee's Motion to Dissolve (Doc. 12) is due to be granted.  The granting of this Motion renders several other pending motions moot.  Indeed, as the writ cannot stand, Defendants' Motions to Dissolve (Docs 34 and 35) are now moot.  Moreover, Plaintiff's Motion for Limited Expedited Discovery (Doc. 41) regarding the motions to dissolve and Defendants' Motion for Leave to File Replies

---

[2](...continued)
jurisdiction over the debtor.'" (Doc. 91, p.2 quoting Rush v. Savchuk, 444 U.S. 320, 330, 100 S.Ct. 571 (1980)).  However, the instant case does not deal with an intangible debt as the Rush case did.  Here, the bank account is a tangible asset of Defendants.  See In re Estate of Marcos Human Rights Litigation, 1997 WL 428544 *3 (N.D. Ill. 1997) (rejecting argument that bank deposits should be treated as debts of the bank and instead finding they must be treated as tangible assets).  Therefore, the Court must have jurisdiction over both the Garnishee and the account.

[3] While Plaintiff is correct that the undersigned effectively entered such an order back on November 17, 2008 (Doc. 57), the undersigned did so on an "emergency," ex parte basis and now understands it was error to do so.  The Court does not intend to make such an error again.

(Doc. 72) are moot.  Finally, the Court will deny Plaintiff's Emergency Motion for Sanctions (Doc. 92) as the issue of discovery regarding Garnishee being subjected to the jurisdiction of this Court is also moot.

Accordingly, after due consideration, it is

**ORDERED:**

1. Garnishee, BancFirst Corporation's Motion to Dissolve Prejudgment Writ of Garnishment (Doc. 12) is **GRANTED**.

2. Defendants' Motions to Dissolve (Docs 34 and 35), Plaintiff's Motion for Limited Expedited Discovery (Doc. 41), Defendants' Motion for Leave to File Replies (Doc. 72) and Plaintiff's Emergency Motion for Sanctions (Doc. 92) are **DENIED as moot**.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  20th  day of February, 2009.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record