UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

APR ENERGY, LLC,

    Plaintiff,

vs.                                         Case No. 3:08-cv-961-J-25MCR

PAKISTAN POWER RESOURCES, LLC, et al.,

    Defendants.
_____/

## **O R D E R**

**THIS CAUSE** is before the Court on Plaintiff's Motion to Compel (Doc. 144) filed July 16, 2009. On August 4, 2009, Defendants, Walters Power International, LLC ("Walters") and Associated Group ("AG") filed a response in opposition or alternatively, a Motion for Protective Order to Stay Discovery. (Doc. 166). Plaintiff then sought leave to file a reply, which was granted, and Plaintiff filed a reply brief on August 14, 2009. Accordingly, the matter is now ripe for judicial review.

### **I. BACKGROUND**

Plaintiff filed a Complaint in this Court on October 7, 2008 against the Defendants, Pakistan Power Resources, LLC ("PPR"), WPI, and AG to recover in excess of $2.4 million dollars. (Doc. 1). On January 20, 2009, Plaintiff filed an Amended Complaint. (Doc. 68). The Amended Complaint contains seven counts, including: (1) Breach of Contract For Non-Payment against all Defendants; (2) Breach of Contract for Delegation Without Consent against all Defendants; (3) Breach of

Covenant of Good Faith and Fair Dealing against all Defendants; (4) Unjust Enrichment against WPI and AG; (5) Constructive Trust against WPI and AG; (6) Tortious Interference with Contract against all Defendants; and (7) Fraud in the Inducement against all Defendants. Id.

On February 24, 2009, Defendants filed motions to dismiss the Amended Complaint. (Docs. 99 and 100). Defendants, WPI and AG moved to dismiss the Amended Complaint pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure on the basis that the Court lacked jurisdiction over them. On May 21, 2009, the undersigned entered a Report and Recommendation (Doc. 125) that Defendants' motion to dismiss be denied. Plaintiff filed an objection to that Report and Recommendation on June 4, 2009. (Doc. 129). Defendants sought and obtained extensions of time to file their objection and ultimately did so on July 20, 2009. (Doc. 150). Thereafter, Plaintiff obtained an extension of time in which to file its response to Defendants' objections. Plaintiff filed its response on August 18, 2009. (Doc. 180). As such, the objections are now ripe and pending before Judge Adams.

In the meantime, Plaintiff served Defendant WPI with its first set of interrogatories and first request for production of documents on February 13, 2009. Plaintiff served Defendant AG with interrogatories and requests to produce on April 6, 2009. Neither Defendant responded to any of the discovery requests. Instead, according to counsel for Defendants, Defendants took the position that they were not going to respond to the discovery requests until the Court ruled on their motion to dismiss. Defendants reasoned that if the Court granted their motion, they would be dismissed from the case

and therefore, responding to the discovery would subject them to "substantial prejudice." (Doc. 166, p.2).

Plaintiff filed the instant motion asking the Court to order Defendants to respond to the discovery requests and to award Plaintiff its fees and costs associated with filing the motion. Defendants responded by asking the Court to enter a protective order staying discovery until Judge Adams rules on the objections to the Report and Recommendation denying their motion to dismiss. Alternatively, Defendants proffer numerous reasons why the Court should deny Plaintiff's Motion to Compel.

## **II. DISCUSSION**

The Court will first address Defendants' request for a stay of discovery. Defendants request a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. Under that rule, the Court may enter a protective order "for good cause shown." Rule 26(c), Fed.R.Civ.P. The party seeking a protective order "bears the burden of showing good cause and reasonableness." McCabe v. Foley, 233 F.R.D. 683, 685 (M.D. Fla. 2006). In the instant case, Defendants attempt to show good cause for the stay by pointing to their pending motion to dismiss and arguing that if the motion is granted, it "will resolve this case in its entirety as to these Defendants and make discovery unnecessary." (Doc. 166, p.11).

Motions to stay discovery are not favored and are not ordinarily granted when the discovery sought may be necessary to defend against the motion or when the motion may not dispose of the entire case. Hovermale v. School Bd. of Hillsborough County, Fla., 128 F.R.D. 287, 289 (M.D. Fla. 1989). Additionally, in deciding whether to stay

discovery pending resolution of a motion to dismiss, the Court must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997). To engage in this balancing test, it is helpful for the Court to "take a preliminary peek at the merits of the allegedly dispositive motion to see if on its face there appears to be an immediate and clear possibility that it will be granted." Id. Here, the Court has done more than take a "preliminary peek" at the motion to dismiss. Instead, the undersigned issued a Report and Recommendation that the motion be denied. The undersigned is aware Defendants have provided additional evidence in their objection to the Report and Recommendation which they believe supports their position that they are not the alter egos of PPR. However, the Court finds Defendants' motion "is not so clear 'on its face [that] there appears to be an immediate and clear possibility that it will be granted'" so as to justify a complete stay of discovery. Id. at 653. In addition, the Court has reviewed the discovery requests propounded by Plaintiff and finds many of them seek information which would assist Plaintiff in defending against the motion to dismiss. Accordingly, after balancing the harm produced by a discovery delay against the possibility that Defendants' motion will be granted, the Court concludes the balance tips in favor of permitting discovery to go forward. Therefore, the Court finds Defendants have not shown sufficient good cause for entry of a protective order and will deny Defendants' request to stay discovery.

Having determined Defendants are not entitled to a stay of discovery, the Court will now turn to Plaintiff's Motion to Compel. Motions to compel discovery under Rule

37(a) are committed to the sound discretion of the trial court.  See Commercial Union Ins. Co. v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984).  The trial court's exercise of discretion regarding discovery orders will be sustained absent a finding of abuse of that discretion to the prejudice of a party.  See Westrope, 730 F.2d at 731.

The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result.  See United States v. Proctor & Gamble Co., 356 U.S. 677, 682, 78 S.Ct. 983 (1958).  Discovery is intended to operate with minimal judicial supervision unless a dispute arises and one of the parties files a motion requiring judicial intervention.  Furthermore, "[d]iscovery in this district should be practiced with a spirit of cooperation and civility."  Middle District Discovery (2001) at 1.

Defendants argue the motion to compel should be denied because Plaintiff failed to comply with Local Rules 3.04(a) and 3.01(g) and because of Plaintiff's delay in filing the instant motion.  (Doc. 166).  Additionally, Defendants ask that Plaintiff's request for sanctions be denied.  With respect to Defendants' first argument, the Court agrees that Local Rule 3.04(a) requires a party filing a motion to compel to quote in full each discovery request as well as the response or objection of the opposing party.  Plaintiff responded that it failed to do so because Defendant did not respond to any of the discovery requests.  In any event, Plaintiff provided a quotation of each discovery request in its reply, so this argument is essentially moot.

The Court will also decline to deny the motion on the basis that Plaintiff failed to comply with Local Rule 3.01(g) by conferring with opposing counsel in a good faith effort to resolve the issue prior to filing the motion. While the Court notes that it is curious counsel for Plaintiff filed the motion to compel prior to the deadline it gave Defendants to file their responses to the discovery requests, the Court observes that it was obvious Defendants had no intention of producing any discovery until the Court ruled on their motions to dismiss. As such, the Court will not deny the motion to compel on this basis. However, the Court will caution counsel for Plaintiff to ensure that he/she complies with the requirements of Local Rule 3.01(g) prior to filing any further motions.[1]

Defendants argue the motion to compel should be denied because Plaintiff's waited too long to file it. While the Court agrees that Plaintiff could have filed the motion long ago, it does appear counsel for Plaintiff has been making efforts to obtain the discovery. Additionally, at least part of the time has been spent by the parties discussing settlement. In any event, the Court does not believe Plaintiff's delay in bringing this motion is sufficient to warrant denial of the motion.

Accordingly, the Court will grant Plaintiff's motion to compel and directs Defendants to provide responses to the discovery requests no later than **Monday, September 21, 2009**. The Court does not believe an award of fees or expenses is appropriate in this instance as Defendants had a valid argument for not responding to

---

[1] To that end, the Court notes that some of Plaintiff's discovery requests appear to be broad. The Court urges counsel for Plaintiff to confer with counsel for Defendants regarding the discovery requests in an attempt to avoid further discovery disputes.

the discovery.  As such, they had substantial justification for their failure to respond until so ordered by the Court.

Accordingly, after due consideration, it is

**ORDERED**:

1. Plaintiff's Motion to Compel (Doc. 144) is **GRANTED**.

2. Defendants' Motion for Protective Order to Stay Discovery (Doc. 166) is **DENIED**.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  28th  day of August, 2009.

*Monte C. Richardson*

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record