UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

APR ENERGY, LLC,

    Plaintiff,

v.                                                CASE NO. 3:08-CV-00961-J-25MCR

PAKISTAN POWER RESOURCES, LLC,
WALTERS POWER INTERNATIONAL
LLC, and ASSOCIATED GROUP,
a foreign corporation,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on the Magistrate Judge's Report and Recommendation (Dkt. 124) on Defendant, Pakistan Power Resources, LLC's Motion to Dismiss First Amended Complaint Pursuant to Rule 12(b)(6) (Dkt. 99) and Plaintiff's Response in Opposition to Pakistan Power Resources, LLC's Motion to Dismiss Complaint Pursuant to Rule 12(b)(6) (Dkt. 119); Objections of Defendant Pakistan Power Resources to Magistrate Judge's Report and Recommendation Concerning Its Motion to Dismiss for Failure to State a Claim (Dkt. 148); and Plaintiff's Response to Objections of Defendant Pakistan Power Resources, LLC to Magistrate Judge's Report Concerning

1

Their Motion to Dismiss for Failure to State a Claim (Dkt. 181).

I.  **Background**

This action concerns the Bhikhi Power Plant (the "Plant") that Plaintiff APR Energy, LLC ("APR" or "Plaintiff") contracted to install and operate in Pakistan. (Dkt. 68.) On September 18, 2006, Plaintiff and the National Transmission and Despatch Company ("NTDC"), a public utility owned by the government of Pakistan, executed a Rental Agreement which provided for the design, installation, and operation of the Plant. (*Id.*) Effective January 17, 2007, Plaintiff assigned the Rental Agreement to Defendant Pakistan Power Resources, LLC ("Pakistan Power"), an entity that Defendant Walters Power International, LLC ("Walters Power") and Defendant Associated Group incorporated for the purpose of effecting the assignment and in which they have an ownership interest of 35% and 65%, respectively. (*Id.*) Effective April 1, 2008, Defendant delegated the operation of the Plant to a third party, ProEnergy. (*Id.*) ProEnergy has not been able to attain 136 MW for 92% of any month for which it has been responsible for the operation of the Plant. (*Id.*)

Plaintiff brought this action to recover the amount of money it is allegedly owed under Section 1.6(c) and (d) of the Assignment Agreement.

It is undisputed that Plaintiff has only been paid pursuant to Section 1.6(a) and (b) of the Assignment Agreement, and not under subsections (c) and (d). In its First Amended Complaint, Plaintiff brings the following claims: breach of contract for non-payment under Section 1.6 of the Assignment Agreement against all Defendants (Count I); breach of contract for delegation without consent against all Defendants (Count II); breach of covenant of good faith and fair dealing against all Defendants (Count III); unjust enrichment against Defendants Walters Power and Associated Group (Count IV); constructive trust against Defendants Walters Power and Associated Group (Count V); tortious interference with contract against all Defendants (Count VI); and fraud in the inducement against all Defendants (Count VII). (*Id.*)

## II. Standard

### A. Review of a Magistrate Judge's Order

Under Rule 72(b), "a party may serve and file specific written objections to the proposed findings and recommendations" of a magistrate judge on a dispositive motion "[w]ithin 10 days after being served with a copy of the recommended disposition." Fed.R.Civ.P. 72(b)(2); *see also* M.D. Fla. R. 6.02. "A party may respond to another party's objections within 10 days after being served with a copy." *Id.*

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed.R.Civ.P. 72(b)(3); *see also* M.D. Fla. R. 6.02. The district judge does not abuse his discretion in either considering or refusing to consider an "argument that was not presented to the magistrate judge." *Williams v. McNeil*, 557 F.3d 1287, 1290-91 (11th Cir. 2009).

### B. Motion to Dismiss Standard

The Supreme Court has recently clarified the motion to dismiss standard laid out in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007):

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, "to state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal citations omitted).

The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on

its judicial experience and common sense." *Id.* at 1950. The pleader is not entitled to relief "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id.* The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* "[B]are assertions" that "amount to nothing more than a 'formulaic recitation of the elements'" of a claim "are conclusory and not entitled to be assumed true." *Id.* at 1951.

The Court must limit its consideration to the complaint and its attachments. *See* Fed.R.Civ.P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."); *GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993) (stating "the court limits its consideration to the pleadings and exhibits attached thereto").

### III. Discussion

Defendant Pakistan Power moved to dismiss Counts I, II, III, VI, and VII of the First Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state claims upon which relief can be granted. (Dkt. 99.) The Court will address each of these counts in turn.

### A. Count I (Breach of Contract for Non-payment under Section 1.6 of the Assignment Agreement)

Defendant asks the Court to dismiss with prejudice Count I of the First Amended Complaint because the allegations therein directly contradict, and are repugnant to, the terms of the Rental Agreement and the Assignment Agreement, which are attached as exhibits to the First Amended Complaint. (Dkt. 99.) Plaintiff responds the First Amended Complaint contains all of the required elements for a breach of contract claim. (Dkt. 119.) Plaintiff explains there is no contradiction between its allegations and the terms of the Assignment Agreement because the Agreement provides on its face for the payments Plaintiff seeks. (*Id.*) Plaintiff further argues that Defendant's arguments for a dismissal constitute a defense and, therefore, are inappropriate on a motion to dismiss. (*Id.*)

In order to state a claim for breach of contract under Florida law, Plaintiff must allege: "(1) a valid contract, (2) a material breach, and (3) damages," as well as Plaintiff's "performance of its obligations under the contract or a legal excuse for its nonperformance." *Bookworld Trade, Inc. v. Daughters of St. Paul, Inc.*, 532 F. Supp. 2d 1350, 1357 (M.D. Fla. 2007) (internal quotation marks omitted).

The Magistrate Judge noted that the First Amended Complaint

adequately alleges these elements and that Defendant does not argue otherwise. (Dkt. 124.) The Magistrate Judge then addressed Defendant's argument that Plaintiff failed to allege that the Commercial Operation Date ("COD") was achieved and concluded that this argument is more appropriate for a motion for summary judgment because it is akin to an affirmative defense of a failure of a condition precedent. (*Id.*)

Defendant filed Objections to the Magistrate Judge's Report and Recommendation ("R&R"), arguing that the Rental Agreement and the Assignment Agreement establish that no breach for non-payment exists under the facts alleged in the First Amended Complaint and that the only issue relevant to this claim is whether the COD has been achieved. (Dkt. 148.) Defendant contends that the First Amended Complaint does not allege that the three gas turbines at the Plant have achieved Guaranteed Electrical Output by generating output of 136MW at generator terminals (ISO conditions) with 92% availability; therefore, the COD has not been achieved and the payments it triggers are not yet due. (*Id.*) Defendant dismisses any alternative payment triggers as unsupported by the language of the Assignment Agreement. (*Id.*)

Plaintiff responds to Defendant's Objections by arguing, *inter alia*, that

the definition of Commercial Operation requires only "notification that the Equipment is ready to generate electrical power and acceptance of the equipment by the Pakistani power authority, rather than the objective fact that the Equipment has satisfied the Operational Test." (Dkt. 181.)

Reviewing *de novo* those parts of the Magistrate Judge's R&R that have been properly objected to, the Court is not persuaded by Defendant's arguments for rejecting the Magistrate Judge's R&R. It appears that Defendant simply reiterates its already argued position by asserting that the R&R accepts allegations that are contradicted by the terms of the two Agreements and that the R&R fails to recognize that no construction of the factual allegations could support a cause of action for breach of contract for non-payment. (Dkt. 148.) Although Defendant argues that the only relevant issue is whether the COD has been achieved and that the COD has not been achieved, paragraph 77 of the First Amended Complaint clearly alleges that the COD "was attained on either December 19, 2007, April 2, 2008, or at the very latest, July 31, 2008." (Dkt. 68.)

The payments Plaintiff seeks pursuant to Section 1.6(c) and (d) of the Assignment Agreement are due "after" the COD and "from and after" the COD. (Dkt. 136-2.) Therefore, occurrence of the COD is a condition

precedent to the obligation to make these payments. The allegations in paragraph 78 of the First Amended Complaint also support this conclusion. (Dkt. 68 (stating "the Assignment Payments . . . were contingent upon attainment of the Commercial Operation Date").)

"In pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed. But when denying that a condition precedent has occurred or been performed, a party must do so with particularity." Fed.R.Civ.P. 9(c). "The plaintiff then bears the burden of proving that the conditions precedent, which the defendant has specifically joined in issue, have been satisfied." *Jackson v. Seaboard Coast Line R.R.*, 678 F.2d 992, 1010 (11th Cir. 1982). "Satisfaction of conditions precedent . . . is not a matter that is adjudicated on a motion to dismiss." *Buckley Towers Condo., Inc. v. QBE Ins. Corp.*, 2008 WL 2490450, at *4 (S.D. Fla. June 18, 2008); *see also Thompson v. Kindred Nursing Ctrs. East, LLC*, 211 F. Supp. 2d 1345, 1355 (M.D. Fla. 2002) (denying the defendant's motion to dismiss where the plaintiff averred in the complaint that "[a]ll conditions precedent to the filing of this action have been satisfied or have occurred") (internal quotation marks omitted).

The First Amended Complaint provides in relevant part:

> 21. All conditions precedent to the bringing of this action have occurred, have been performed or have been waived.
>
> . . .
>
> 73. All conditions precedent for establishing the Effective Date of the Rental Agreement were satisfied at the latest on April 2, 2008.
>
> . . .
>
> 114. . . . all contractual conditions for the attainment of the Commercial Operation Date of the Equipment have been satisfied.
>
> . . .
>
> 119. Under the terms of the Rental Agreement, attainment of the Commercial Operation Date is a condition to the invoicing for rent and receipt of rental payments.

(Dkt. 68.)

Plaintiff's general allegations that all conditions precedent to the bringing of this action and to the obligation to make payments pursuant to Section 1.6(c) and (d) of the Assignment Agreement are sufficient to withstand the present Motion to Dismiss (Dkt. 99). The determination of whether the COD has in fact been attained is not appropriate at this stage of the proceedings. Accordingly, as to Count I of the First Amended Complaint, the Magistrate Judge's R&R (Dkt. 124) is due to be adopted and Defendant's Motion to Dismiss (Dkt. 99) is due to be denied.

### B. Count II (Breach of Contract for Delegation without Consent)

Defendant argues Count II of the First Amended Complaint should be

dismissed with prejudice because Pakistan Power's retention of ProEnergy, a third-party vendor, to assist in the operation of the Plant does not constitute an assignment of a contract under Florida law. (Dkt. 99.) Defendant explains that Plaintiff cannot allege that (1) ProEnergy stepped into the shoes of Pakistan Power and (2) Pakistan Power relinquished all of its interests in the Assignment Agreement. (*Id.*) Therefore, Defendant contends, all Plaintiff can allege is delegation of the full responsibility to operate the Plant. (*Id.*)

Plaintiff responds that the Motion to Dismiss is not the proper procedural tool to argue the interpretation of the assignment clause, but even if it were, Defendants breached the clause by delegating their duty to operate the Plant to ProEnergy without Plaintiff's consent. (Dkt. 119.)

The Magistrate Judge found that the question of whether the assignment is prohibited by the Assignment Agreement is "more properly decided on summary judgment" because it is simply a defense. (Dkt. 124.) The Magistrate Judge concluded that the First Amended Complaint adequately alleges a breach of contract claim for the delegation to ProEnergy. (*Id.*)

In its Objections, Defendant argues the R&R fails to recognize that the allegations in the First Amended Complaint "do not state a plausible claim for

an unauthorized assignment based on the meaning of 'assignment' under Florida law." (Dkt. 148.) Defendant reiterates its position that Plaintiff did not allege that ProEnergy stepped into the shoes of Defendant or that Defendant relinquished all of its interests in the Assignment Agreement. (*Id.*)

Plaintiff responds the issue is not whether Pakistan Power assigned all rights under the contract to ProEnergy, but rather whether the allegations sufficiently plead a violation of the contract provision prohibiting assignments. (Dkt. 181.)

> Section 11.4 of the Assignment Agreement provides in relevant part:
>
> This Agreement <u>shall not be assigned</u> by Assignor <u>without the consent</u> of Assignee or by Assignee without the consent of the Assignor; except that Assignee or Assignor may assign its rights hereunder to any wholly-owned subsidiary or affiliate. Notwithstanding anything to the contrary in this Agreement, any such <u>assignment (or delegation)</u> of obligations shall not relieve such assignor (or obligor) of its obligations should the assignee (or delegee) fail to perform such obligations.

(Dkt. 146-6 (emphasis added).)

> The First Amended Complaint provides in part:
>
> 102. By agreement effective April 1, 2008, Pakistan Power delegated to a company called ProEnergy full responsibility for the operation of the Bhikhi Power Plant.
> 103. The delegation of the duty to operate the Bhikhi Power Plant from Pakistan Power to ProEnergy was undertaken without the consent of APR, in breach of the obligation assumed by Pakistan Power in Section 11.4 of the Assignment Agreement.

. . .

> 107. The unauthorized delegation of the operation of the Plant has damaged APR in the amount of $4,600,000.00, the amount that Pakistan Power has refused to pay APR alleging that the Commercial Operation Date has not been attained.

(Dkt. 68.)

It appears to the Court that Defendant's Objections with respect to Count II simply reiterate Defendant's position expressed in the Motion to Dismiss. The Court notes that Section 11.4 of the Assignment Agreement provides for <u>assignment or delegation</u>.[1] (*See* Dkt. 146-6.) Plaintiff alleges in the First Amended Complaint that Pakistan Power <u>delegated</u> the operation of the Plant, that the <u>delegation</u> of the duty to operate was undertaken without Plaintiff's consent, and that the unauthorized <u>delegation</u> damaged Plaintiff. (*See* Dkt. 68.) Therefore, Defendant's argument that no assignment occurred when ProEnergy was retained to operate the Plant is not dispositive because

---

[1] "When considering the rules governing assignments, one must distinguish between assignment of rights and delegation of duties." *Quality Inns Int'l, Inc. v. Tampa Motel Assocs., Ltd.*, 154 F.R.D. 283, 290 (M.D. Fla. 1994). Even if the contract contains express words forbidding only an assignment, the parties usually also intend to forbid delegation of performance. *Charles L. Bowman & Co. v. Erwin*, 468 F.2d 1293, 1298 (5th Cir. 1972); *see also Aldana v. Colonial Palms Plaza, Ltd.*, 591 So.2d 953, 955 (Fla. Dist. Ct. App. 1991) (per curiam) ("Unless the circumstances indicate the contrary, a contract term prohibiting assignment of 'the contract' bars only the delegation to an assignee of the performance by the assignor of a duty or condition.").

13

Plaintiff has sufficiently pled delegation of duties.[2] Accordingly, Plaintiff did not need to allege that ProEnergy stepped into the shoes of Defendant or that Defendant relinquished all of its interests in the Assignment Agreement.[3]

In sum, the Court finds Plaintiff's allegations of unauthorized delegation sufficiently plausible to withstand the present Motion to Dismiss. Therefore, as to Count II of the First Amended Complaint, the Magistrate Judge's R&R (Dkt. 124) is due to be adopted and Defendant's Motion to Dismiss (Dkt. 99) is due to be denied.

### C. Count III (Breach of Covenant of Good Faith and Fair Dealing)

In its Motion to Dismiss, Defendant asks the Court to dismiss Count III of the First Amended Complaint because a claim for breach of the covenant of good faith and fair dealing cannot be asserted independently, but rather must be coupled with a viable claim for breach of contract. (Dkt. 99.) Plaintiff responds it has sufficiently alleged that Defendants breached both the

---

[2] Plaintiff's First Amended Complaint contains sufficient factual matter to allow the Court to draw the reasonable inference that Defendant is liable. For instance, in addition to the allegations listed above, Plaintiff provides the effective date of the delegation, the names of both the delegator and the delegatee, and the amount of damages, and it also alleges it did not consent to the delegation. (See Dkt. 68.)

[3] The Court notes that most, if not all, cases cited by the parties address the question of assignment and/or delegation at the summary judgment stage; thus, the Magistrate Judge correctly concluded that the question of whether the assignment or delegation is prohibited is more properly decided on summary judgment.

Assignment Agreement and the duty of good faith and fair dealing. (Dkt. 119.)

The Magistrate Judge recommended that Defendant's Motion be denied with respect to Count III as both breach of contract claims have been sufficiently pled. (Dkt. 124.) In its Objections, Defendant contends that because the R&R erroneously recommended denying the Motion to Dismiss with respect to Counts I and II, the Magistrate Judge also erred in recommending that the Motion be denied as to Count III. (Dkt. 148.) In response, Plaintiff repeats its previously asserted position. (Dkt. 181.)

Under Florida law:

> In order to assert a claim for breach of a duty of good faith and fair dealing, a plaintiff must allege that a specific contractual provision has been breached, causing it damages. Moreover, the failure to perform must not be "by an honest mistake, bad judgment or negligence; but, rather by a conscious and deliberate act, which unfairly frustrates the agreed common purpose and disappoints the reasonable expectations of the other party thereby depriving that party of the benefits of the agreement."

*Bookworld Trade, Inc.*, 532 F. Supp. 2d at 1359 (internal citations omitted).

After a *de novo* review of the Magistrate Judge's R&R as to Counts I and II, this Court has already concluded that Defendant's Motion to Dismiss is due to be denied as to these Counts. In sum, Plaintiff has alleged that a specific contractual provision has been breached, causing it damages. This

conclusion is further supported by the allegations in Count III of the First Amended Complaint:

> 110. As referenced above, Pakistan Power breached its obligations under the Assignment Agreement.
>
> 111. In addition to breaching the express terms of the Agreement, Pakistan Power breached the implied covenant of good faith and fair dealing that is read into every contractual obligation under Florida law.
>
> . . .
>
> 114. Pakistan Power's assertion that the Commercial Operation Date has not occurred is knowingly contrary to its knowledge that all contractual conditions for the attainment of the Commercial Operation Date of the Equipment have been satisfied.
>
> . . .
>
> 119. Under the terms of the Rental Agreement, attainment of the Commercial Operation Date is a condition to the invoicing for rent and receipt of rental payments. . . .
>
> . . .
>
> 121. As a direct and proximate result of Pakistan Power's breach of the covenant of good faith and fair dealing, APR has sustained extensive economic damages and loss, including, but not limited to, the payments due under the Assignment Agreement.

(Dkt. 68.)

Accordingly, Plaintiff has adequately asserted a claim for breach of the duty of good faith and fair dealing. Therefore, as to Count III of the First Amended Complaint, the Magistrate Judge's R&R (Dkt. 124) is due to be adopted and Defendant's Motion to Dismiss (Dkt. 99) is due to be denied.

### D. Counts VI (Tortious Interference with Contract) and VII (Fraud in the Inducement)

With respect to Counts VI and VII, the Magistrate Judge recommended that the First Amended Complaint be dismissed against Pakistan Power. (Dkt. 124.) Defendant agreed with the recommended disposition, but objected to the Magistrate Judge's references to Walters Power and Associated Group because they are not parties to the present Motion to Dismiss. (Dkt. 148.)

While the Court acknowledges Defendant Pakistan Power's objections with respect to Defendants Walters Power and Associated Group, the Court believes that these objections would be proper if made by Walters Power and Associated Group. Therefore, as to Counts VI and VII of the First Amended Complaint, the Magistrate Judge's R&R (Dkt. 124) is due to be adopted and Defendant's Motion to Dismiss (Dkt. 99) is due to be granted with respect to Defendant Pakistan Power.

Accordingly, it is **ORDERED**:

1. The Magistrate Judge's Report and Recommendation **(Dkt. 124)** is **ADOPTED**.

2. Defendant, Pakistan Power Resources, LLC's Motion to Dismiss First Amended Complaint Pursuant to Rule 12(b)(6) **(Dkt. 99)** is **DENIED in**

part and **GRANTED in part**. The Motion is denied as to Counts I, II, and III.

The Motion is granted as to Counts VI and VII.

**DONE AND ORDERED** this 28 day of August, 2009.

HENRY LEE ADAMS, JR.
United States District Judge

Copies to: Counsel of Record